Ms. McCarthy. Thank you, Your Honor. Good afternoon. May it please the Court. The United States appeals because the trial court misused contract law to create a remedy for a tort claim for which Congress never waived the sovereign immunity of the United States. Would there be a tort claim here if the actions had taken place in the United States? The nature of the activity would be a classic tort claim in terms of the alleged lack of reasonable care. So your theory is that there's a duty owed by the government defined by tort law to search the vehicle to make sure that there's no drugs in it? There certainly could be, and the reason why the tort claim failed here was because although the alleged negligence occurred here, obviously, the effects of that negligence occurred in Mexico, which is on foreign soil, and the Supreme Court held in Sosa that the United States did not waive the sovereign immunity of the United States for the effects of tortious acts on foreign soil. And the reason why, it's a very important reason, the reason why is because the United States is not willing to contemplate any range of possible exposure that could occur for an unknown judicial system or unknown area of land. So your theory would be that there could be a search, for example, that did not disclose the drugs but nevertheless was not negligent? Theoretically, there could be, but that's not the issue here. Certainly, the position of the United States is that if the plaintiffs have a claim, that that would be certainly within the FTCA, but there was not a waiver of sovereign immunity here by Congress. And so the reason why we're appealing is very important because this is a classic tort claim. The basic argument that you can't tease a contract promise out of a regulation unless the regulation itself is in absence, saying we want to have a contract obligation here? Yes, unless the parties incorporate the regulatory obligation into the contract, and this Court's drawn that line. What's your strongest case for that proposition? DNN Bank and Anderson. Anderson and DNN Bank, they described the situation in which there's the regulatory obligation, there's language in the assistance agreement that refers to it, and then there may be additional language, which this Court described in Anderson, that could carry it over to the line and to create an affirmative obligation. I know earlier cases in the jurisprudence. Those are recent cases. In terms of regulatory obligations? Sure. None comes to mind, Your Honor, but the cases that would be cited in DNN Bank and in Anderson. What about the implied warranty of merchantability? If there had been no as-is clause in here, do you agree that there would have been such a warranty implied in the contract? Well, if we were under the UCC, no, because the UCC does not apply. Well, of course the UCC doesn't apply to the United States, but there can be an implied warranty of merchantability, you know, and there was a common law as well. It's not created by the Uniform Commercial Code. It's just recognized by the Uniform Commercial Code. Well, I think that that would go into an implied-in-law remedy, which the Court doesn't have. Wait, why is that implied-in-law? Is a covenant of good faith and fair dealing, which is implied in the contract, implied in law or implied in fact? A covenant of good faith is inherent. There clearly is an implied covenant of good faith and fair dealing in a government contract that's in a contract. But an applied warranty, the Supreme Court's held in Baltimore in ONR, it has to require affirmative acts for any sort of implied warranty. The Supreme Court held it 261 U.S. at 598. There has to be a meeting of the minds indicating by some intelligible conduct, act, or sign. So there has to be, for there to be a warranty. A warranty is a very special breed. I mean, just in general, whenever somebody sells property to somebody else, unless there's a disclaimer, and that there may be here because of the as-is clause, but that there's an implied warranty of merchantability. You're suggesting that none of that applies to the government, that there wouldn't be such an implied term in a government contract absent an as-is clause? Not for a warranty to pay damages. I think the Supreme Court's made that clear in Baltimore in ONR, that an agreement for an applied warranty, there has to be a meeting of the minds that's indicated by some intelligible conduct, act, or sign. And that's what we have here is, although the trial court disclaimed any intention to find an implied law warranty for obvious reasons, because the court would not have jurisdiction to entertain such a claim. In fact, the implied, in actuality, there is no implied in fact warranty because the court did not identify any conduct, intelligible conduct, act, or sign by either party for this. It's a mere fact of entering in a contract for the sale of goods against the common law background of these implied warranties. Why isn't that sufficient? Because there is, well, first of all, there is no, because a warranty for the United States to pay damages, I mean, the law is very clear on this, there has to be a meeting of the minds. That's why the court went out of its way to apply the implied in fact analysis. The fact of the matter is that there was a... Well, the trial court found the meeting of the minds, if I'm not mistaken, on the basis of saying that the government was of the view that they had delivered a clean car, and the purchaser was of the view that the purchaser had purchased a clean car. That... That was the meeting of the minds, and the reason why the government thought it had delivered a clean car was based on what the trial court saw as a set of obligations arising under the regulations about how you're supposed to search a car that's been pinched for drugs. And that, in our view, does not... I thought you were saying that if there was that meeting of the minds, it was a mutual mistake of fact. That's our alternative argument, but I think... Did you raise that? That's a theory, isn't it? Mutual mistake of fact as opposed to a simple argument. Did you raise that point below? We did not raise it explicitly below, but we're raising it not so much as an alternative theory. I didn't say you raised it at all below. I got the record once. It's a reaction to the trial court's judgment that if you're going to find a meeting of the minds... But you didn't argue in the alternative. No, we're not arguing in the alternative. The idea being that... Well, you could have argued in the alternative below. You could have said, hey, look, Your Honor, if you find that there was an honest belief by the government that it was going to deliver a clean car, and there was an honest belief on behalf of the plaintiff they were getting a clean car, it was a mutual mistake of fact. That wasn't the theory that was argued to the... Well, the plaintiffs were arguing a slightly different theory below. They were arguing about a failure to perform an adequate duty. The result being, we don't think that there was a meeting of the minds. There wasn't any evidence of the meeting of the minds. If there were... Why wouldn't just everybody who's purchasing a car from the government just assume as a matter of course that the drugs have been removed? That is precisely why it's an actuality and an implied-in-law remedy because... Well, I don't understand what implied-in-law means. I mean, you look at the restatement, you look at the cases, it's not very clear what implied-in-law means. It could mean a legal obligation created by statute or law. We're not talking about that here. We're talking about the parties having a meeting of the minds on the assumption that the car was free of drugs. That doesn't... It's not being implied as a matter of law. It's being implied because that would be the natural assumption of what the parties assumed as part of their bargain. I respectfully disagree with you on that. The trial court made it clear that one of the reasons why there was an implied-in-fact warranty was simply because of the status of the United States. In other words, the United States did not do anything other than sell the car. That, under the Supreme Court's standard in Baltimore O&R, I mean, this is, again, there's 261 U.S. at 598. I've read it. I've read it. An agreement has to have, I'm sorry, but it has to have some intelligible conduct act or signed. It has to be, with this court held in DNN Bank and in Anderson, it has to be something more than the mere existence of a regulatory obligation. There are implied obligations under government contracts. I've given you one of them, which is the covenant of good faith and fair dealing. There's another one concerning specifications, that the compliance with the specifications will lead to a proper result, that the government's going to deal fairly in evaluating the bids. These are all things that are not spelled out in the contract but are implied in the contract. So you do have implied obligations, and those are not held to be implied in law. They're held to be implied in fact. And the question is, is this similar to those or is this different? This would be, if the court wanted to go down that path, then that would be the implied in fact warranty found here. We believe that the court essentially found an applied in law warranty. If the court agrees that it's applied in fact warranty, it would be completely inconsistent with the explicit as is clause. And if I could draw your court's attention to this. Do you lose if we conclude that there's an implied in fact warranty? Do we? I'm sorry? Do you lose if we conclude that there is an implied in fact warranty, that the car would be free of drugs? Yes, because it's completely incompatible. If I could draw the court's attention to 8955. So you're not relying on the as is clause? An applied in fact warranty along what the trial court found would be completely incompatible with. No, but wait. Are you not relying on the as is clause? What is it in the record you're about to cite? I'm just relying to the language of the as is clause conveyed in intention by the United States to not extend a warranty or promise of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle's identity, previous ownership, physical condition, registration status. Give us the age in the record. That's 8955. So this is a very explicit broad as is clause that is incompatible with a finding that the United States intentionally warranted to hold itself liable for damages. But doesn't the very as is clause itself imply that without that clause there would be a warranty? It's an expression contrary to providing a warranty. No, no, but what about my question? No. The existence of the disclaimer appears to suggest that without the disclaimer, the government thinks there would be a warranty. It's making clear that there wouldn't be a warranty. To hold that there's an applied warranty on the absence of any affirmative evidence of any establishment of the elements of an applied contract would be contrary certainly to the Supreme Court's precedent in Baltimore and O&R. Your as is clause pertains to the condition of the car, the after use of the car, but the drugs were cargo, so to speak, packed away. Cargo has nothing to do with the car. The as is clause. How does that cover the drugs? The as is clause literally, that is what the trial, Your Honor, is correct. That's what the trial court found. And we're not, I want to be clear, we're not challenging any trial court's findings as clearly erroneous, although I will note that the plain language of the warranty says that it's not, no warranty. But ma'am, if you're not challenging the interpretation of the as is clause by the trial court, which I think is what you just said, right? We're not challenging any factual finding, but the as is clause speaks for itself. It's not a factual finding. It's an interpretation of a contract. The as is clause is a part of a contract, right? So interpreting contracts is a question of law. It can be a mixed question of fact and law. Are you challenging the, as the presiding judge has pointed out, that the trial court restricted the as is clause to the condition of the car, the car for a car, for driving a car, for motoring around. And they said because the issue here has to do with drugs in the car, that doesn't have anything to do, the as is clause doesn't cover it. Are you now arguing that the as is clause does cover everything? No, Your Honor. Our first argument is we're accepting the trial, even if... No, your first argument is there's no meaning in the mine because you can't tease a contract out of the way. Right. We're perfectly content to accept the trial court's limited view that this is a limited carve-out. We... You understand what you're saying. If you lose on your first argument, which is that you can't tease a promise out of a regulation for implied and fact contract purposes, if you lose on that, then you've gone to where Judge Stark has been talking to you about, like was there a warranty of some sort, and then does the as is clause save you? And I think you're telling us the as is clause does not save you if you lose on your primary argument. The as is clause should save us. It wouldn't save us accepting the trial court's interpretation. I think that even if there were... But are you accepting the trial court's interpretation or are you not accepting it? We are accepting it because we believe that... Sorry, you didn't challenge me earlier, right? No, we're not sorry. Your Honor, we believe that... We're not challenging any of the trial court's findings of fact because we think the law is clear that the plaintiffs need to establish all of the elements of implied and fact contract, and there is no evidence in the record that would satisfy Baltimore and O&R or D&N Bank or Anderson or any such precedent. Excuse me, there's the question whether the as is clause is limited to the condition of the vehicle as a motor car going down the street. Is that a question of fact or a finding of fact or is that part of a question of law interpreting the as is clause? I think it's a question of law interpreting the as is clause, or a mixed question of fact and law. What's the mixed aspect? Well, it speaks for itself. The plain language of it speaks for itself. The reason why we mention the as is clause, I want to be clear about this because I'm not... The reason why we mention the as is clause is it would be incompatible to find an intentional warranty by the United States to assume liability for the presence of something that was never even discussed by the parties but go out of its way to disclaim any sort of liability for any aspect of the vehicle, including if the car were to blow up as it were driving off the lot. The United States is disclaiming any sort of liability. It's incompatible to say that the United States decided affirmatively to assume liability for... All right, thank you. That's a good answer. Thank you, Your Honor. We'll give you your rebuttal time back. Thank you, Your Honor. Ms. Truci? Thank you. Good afternoon. Teresa Truci on behalf of the plaintiffs. I guess my main argument at this point would be that the sale wasn't a regulatory obligation. They don't have to sell these cars. They don't sell a lot of them. Some of them they keep. Some of them they send to salvage. So these search... You don't have to buy a car either, right? You don't have to buy a car either, but to say that we're trying to squeeze a contract out of a regulation, we're not. This was a commercial transaction, and the post... You're trying to squeeze a term of the contract out of the regulation. There was a sales contract to buy a car, right? The sales contract was to buy a car, and both parties expected at the time of the sale that it was free of drugs, and it wasn't. And then at that point when it was sold, the USA owned the car, and they could have salvaged it, they could have kept it, they could have just discarded it, but they decided to enter into a commercial transaction that's not the same as their law enforcement obligations. And a big thrust of the United States argument is that all of this happened solely out of exercise of their law enforcement obligations, and that's just not the case. Most of this had nothing to do with their law enforcement obligations, and the written documents that have these... But if they had no obligation to search the car, you wouldn't have a case, right? What would your case be like if we just turned the facts around and there was no obligation to search the car at all? Customs searches some cars, and they search not others. You wouldn't have a case, right? Well, there's an obligation... From a regulatory standpoint? Yeah. And from a... If you take away the... Let's assume for the purpose of argument there's a regulation that says a car grabbed in a drug deal, customs must search it in order to try to get clean. So if you didn't have that regulation, you wouldn't have a leg to stand on, right? Right, but there's no regulation I'm aware of that says that customs has to sell a car or search the car before they sell. That's the mechanisms that they themselves set up as a participant in the commercial transaction. After they had already taken possession of the car and owned the car and taken it to their auction lot, that's when they said, OK, now we're going to have these additional search to make sure that when we sell it for the purpose of the sale, all the drugs are out. So you're not relying on an obligation to search the car at some earlier time when the arrest was made? Right, I think our case, maybe from the contract side of it, since we're not talking about torts, is that once the government owns the car, now their law enforcement obligations are over. They don't have to do anything with that car from a law enforcement standpoint, but they decide to take it and try to make some money with it. So then they become a participant in a commercial transaction and everything they do from that point forward is for the sake of the commercial transaction, not their law enforcement obligations. Those are over with at the time of forfeiture. They've already convicted the person who smuggled, they've already forfeited the car, they've already taken ownership. They can do two searches? Yeah, there was a search when it was seized, and then there was a canine search, and then it would sit for a while while they're going through the forfeiture process because they have to go through some standard procedures to clear title. And then once the United States became the owner of the car, then the second set of the directives that I cited in my opening brief, that's when those come into play. That's after the United States is already the owner of the car. If there was a law enforcement obligation was all they were interested in, they should just rip apart every car and then throw them away because that's their duty to get drugs off the street, but that's not how they went about performing these transactions. And there's no evidence that... Another example of their conduct... There was a second independent search of the car for drugs? Right. There are written directives that they enacted specifically say, and they specifically refer to the sale, they say prior to the sale, a re-inspection must occur to ensure that all of the drugs are removed from the car. And it's called a re-inspection and a re-search, and those are the exact language in their written directives. So also there's no... The plaintiff here knew about that, right? That the plaintiff knew about the re-inspection? No, our argument is that at the time of sale, both parties equally expected that the car was free of drugs, that there were no drugs in the car that they were selling. And because of this re-inspection regulation? Because... Or whatever you want to call it, directly. Well, that and the circumstances... The case, you have to look at the entire circumstances, and this is, you know, a unique circumstance. Well, so you have a double search. So you look at it. First, you get all the drugs for purposes of law enforcement, and then they had this duty to do a re-inspection before they sold it to get rid of anything else, contraband that wasn't in there, right? But you need those... It's those regulations out of which you tease a kind of a promise or a state of mind for the government to say the car will always be clean. Well, I think it's... My argument... Your basic argument has to be that the government thinks... Because of the belief that the car will always be clean. Not 99% clean, not 95% clean, always perfectly clean. Well, our... Yes, but I think... Because if they did a great big re-inspection search and a trace amount of narcotics wasn't found... Right. They would still be in your judgment a breach of contract. No. I don't. I think the unique circumstances of this case when you have 37 pounds of marijuana left in the car and the government admitting that if they had done the searches they were supposed to do, whether regulatory for law enforcement or the re-inspection for the sale of the search... We don't know why they didn't do the search. I mean, that's... We know that they didn't do it because... Yeah, but we don't know why. I mean, one hypothetical would be that the car was originally seized as a result of a tip from the most reliable informant they'd ever had who said, look, this car, the only place where the drugs are are in the gas tank. Well, there... And that might have excused any need to make any further searches. Not under their own experts. Mr. Murphy, who's one of the policymakers, he said, when marijuana is found in one part of the car, you have to presume that they packed the whole thing. Every secret compartment is going to have marijuana in it. Well, you would presume unless in my hypothetical the most trusted informant you'd ever had said, look, it's only in the gas tank. That would be... I saw him... I mean, I saw him put the drugs in it. So, you know, it would be normal that the only place the cops would search would be the gas tank. I mean, they might be negligent for not having looked further if there were any other tips. But in the hypothetical I've made, they wouldn't even be negligent. Right, but that's not... But those facts aren't what they admit are happening here. You're relying on the re-inspection rather than the original law enforcement inspection, right? Right. The re-inspection... And is there evidence here that there was no re-inspection before sale? Yes. For one thing, the contraband enforcement team re-inspects and they write a separate report. There's no contraband enforcement team. Also, before the sale, they're supposed to be either a canine search or an x-ray. If there was an x-ray, there'd be documentation. Thank you. I'm sorry. This is an open courtroom and the counsel is referring to confidential... Oh, I'm sorry. All right. I apologize. If you could just...    to be further... And they would have been documented had they occurred, the second searches. So, yes, there was supposed to be further, and they would have documented   yes, there would have been documentation that their own witnesses said would have occurred. And I think what I'm trying to say is that instead of it being... You're building up a contract liability for perfect performance of obligation. I'm looking at this case. I'm thinking about the other cases that come along. So maybe in the next case, it's not a trace of marijuana, but it's a trace of anthrax. So I can find a tiny little  something that's just horribly worse than what they found in your client's court. The law here that you're looking for, I think, is to say that there was a duty to remove... There's 37 pounds involved in this case, which the government admits they would have found... Yeah, but I think what Judge Clevenger is asking you is, are we finding... Are you arguing here for a warranty that it's completely drug-free, or are you arguing for a warranty that the drug that you're saying is applicable? My argument is that both parties expected the car had gone through these particular searches. The reasonable efforts would have been made. Right, that the searches were conducted. And I think the evidence at trial is that the searches were not conducted. The reinspection was not. It's not documented. And the fact that that amount of marijuana was still in the car, their own witnesses admit, shows searches that they should have done weren't done. And we also have the photographs showing that the back seat of the car   properly searched. And that was the expectation that the car would be searched and the drugs would be removed before it was sold. It's an absurd argument. But that sounds again a bsolute obligation. Whereas I thought you were saying a moment ago that there would have been a reasonably thorough effort to remove drugs from the car. That's the theory as to what the warranty was, rather than perfection. Right. And if this was a case about perfection, I think there would be a whole different kind of analysis. But this case being the fact that we're not seeking perfection, we're just  perfunctionary performance, the obligation that both parties thought existed to remove the drugs from the car. The United States' argument, for instance, with the as-is of the car, which, first of all, the plaintiffs could not inspect the car before they bought it. Even the government  have to have specialized training to find it after they bought it. And then... And it's probably common knowledge that when you buy an as-is car, it's not going to have 37 pounds of marijuana in the wheel wells. But they say you take it as-is. You take it as-is, but in the case... And the full scope of the as-is clause is read to us by Ms. McCarthy certainly sounds like it goes beyond condition of use as an automobile. The full text of it in the record. And, you know, a similar as-is clause came up in the Pratt v. United States case, and it's a tax lien case. But what happened was they had an as-is saying we're selling you this property as-is. And it turns out that the conditions of seizing the property in the first place hadn't been done properly. So there was no legally... There's a long line of as-is cases that say as-is means as-is and just says, you know, buyer beware. And especially when you're buying them at distressed sales, you know, you're taking a risk. And that might preclude recovery if this were a perfection case. If we had like a little tiny piece of something and it was a perfection case, then you could say that they're buying it as-is, but the government's underlying mutual understanding that the car had been searched and large loads had been removed is something both parties clearly expected occurred at the time of the sale when the government... The basic question here is whether that expectation creates an implied-in-fact contract or whether it puts a possible tort liability on the government. I mean, that's what's at stake in this case. If this turns it into a... Yeah, well, obviously, you know, we filed it as a tort case. Yeah, sure, and it's unfortunate that because the accident occurred in Mexico, the Federal Tort Claims Act isn't available to you. Right, right, because that would... But most of the things that happened as a result of buying at these distressed sales where the wheels come off, I mean, a lot of horribles can happen if you were driving a car down the freeway and the wheels came off and you hit a school bus and everybody got killed. I mean, it would be horrible, but you realize the as-is clause would mean there's no liability in that circumstance. Right, right, because that would be what I think would be expected and it's consistent. I think what Ms. McCarthy was trying to say on the as-is clause is that it didn't seem strange to her that the as-is clause shouldn't have at least some bite when it has a complete bite in the tort setting. It shouldn't have some bite in the contract setting, at least in order to put up a bar to a meeting of the minds as to a contract liability. The as-is clause is a warning, isn't it? The as-is clause is well, I think there's been two trial court judges who have now interpreted that clause both have found that it didn't extend to having secret compartments full of as-is. I understand that, but we are free to interpret that clause ourselves as a matter of law, aren't we? Right. I would say if you look at the Pratt case, in that case they said you can have an as-is clause, but if it's inconsistent with the parties' expectations and the conduct of the parties, because that is a big component in setting up an implied warranty, what were their parties' conduct? I mean, in here there were services involved in this transaction, not just searching the car, but delivering title, delivering possession, all of those things. I wanted to reserve time for my damages arguments, too. Well, I'm afraid we're not going to get to that. Do you have anything further to say on the response? No, Your Honor. Okay. Thank you. Ms. McCarthy? A couple minutes. Thank you, Your Honor. I just want to point out there is an inconsistency between what the trial court found and what plaintiff's counsel is arguing. The trial court found that on page 846 that the duty, the warranty, was to remove all contraband from a vehicle prior to sale, and that all is underlined and emphasized by the plaintiff's counsel. I'm   plaintiff's counsel is arguing that the duty, the warranty, was to remove all  from a vehicle prior to sale. I'm not sure that the plaintiff's counsel is arguing that the duty, the warranty, was to remove  from a to remove from a vehicle prior